| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **MEMORANDUM, ORDER**<br>**& JUDGMENT** |
| In re: ZYPREXA PRODUCTS LIABILITY LITIGATION | 04-MD-1596 |
| CHRISTOPHER SHEPHERD,<br><br>Plaintiff,<br>– against –<br><br>ELI LILLY & COMPANY,<br><br>Defendant. | 10-CV-1757 |



**JACK B. WEINSTEIN, Senior United States District Judge:**

**Appearances:**

Paul T. Boudreaux, Richardson Richardson Boudreaux Keesling, Tulsa, Okla., for plaintiff Christopher Shepherd.

Nina M. Gussack, Adam B. Michaels, and Franklin T. Pyle III, Pepper Hamilton LLP, New York, N.Y., and John R. Woodard III and Jeremy Ward, Feldman Farris Woodard & Farris, Tulsa, Okla., for defendant Eli Lilly & Company.

| | | |
|---|---|---:|
| I. | Introduction | 2 |
| II. | Background of Zyprexa Litigation | 2 |
| III. | Facts | 6 |
| IV. | Law | 9 |
| A. | Summary Judgment Standard | 9 |
| B. | Governing Law | 10 |
| C. | Learned Intermediary Doctrine | 10 |
| V. | Application of Law to Facts | 10 |
| VI. | Conclusion | 11 |



## I. Introduction

Plaintiff Christopher Shepherd sued defendant Eli Lilly & Company ("Lilly"), alleging that he contracted diabetes as a result of his treatment with Zyprexa, a drug manufactured by Lilly. Plaintiff commenced this action against Lilly in the Eastern District of Oklahoma on February 11, 2010. The case was transferred to the Eastern District of New York pursuant to an order of the Judicial Panel on Multidistrict Litigation.

Lilly moves for summary judgment. For the reasons indicated, the motion is granted.

## II. Background of Zyprexa Litigation

The present case is part of a massive and highly complex multidistrict litigation that has included claims by individual Zyprexa users, state attorneys general, third-party payors, and other entities alleging physical or financial injury. Some 30,000 cases have been brought against Lilly by individual plaintiffs suffering from serious psychiatric problems who were treated with Zyprexa. Like the present plaintiff, they principally allege that Zyprexa caused deleterious side effects of excessive weight gain, hyperglycemia, and diabetes; that Lilly misled them and their physicians about the likelihood of these side effects; and that, had they or their attending physicians been aware of the risks, they would not have taken Zyprexa. The court has previously detailed the procedural history and factual background of this multidistrict litigation. *See, e.g., Mississippi v. Eli Lilly & Co. (In re Zyprexa Prods. Liab. Litig.)*, 671 F. Supp. 2d 397 (E.D.N.Y. 2009); *Blume v. Eli Lilly & Co. (In re Zyprexa Prods. Liab. Litig.)*, Nos. 04-MD-1596, 06-CV-2782, 2009 WL 3596982 (E.D.N.Y. Oct. 20, 2009).

Tens of thousands of individual claims have already been disposed of under the court's supervision. In view of the large number of cases recently filed in this national Zyprexa

litigation and the numerous substantially similar motions for summary judgment that have been decided, a short, summary order disposing of such motions is desirable except where unusual circumstances require special analysis. Repeated summary judgment motions and decisions have established a pattern applicable over a wide range of state laws. *Souther v. Eli Lilly & Co.*, 489 F. Supp. 2d 230 (E.D.N.Y. 2007) (applying Pennsylvania law and granting summary judgment with respect to one plaintiff on statute of limitations; applying Florida and North Carolina law and denying summary judgment with respect to three other plaintiffs); *Singer v. Eli Lilly & Co.*, No. 06-CV-1338, 2009 WL 1404978 (E.D.N.Y. May 19, 2009) (applying Pennsylvania law and granting summary judgment on learned intermediary doctrine and lack of causation), *aff'd*, No. 09-2584-cv (2d Cir. Oct. 4, 2010); *Clark v. Eli Lilly & Co.*, No. 06-CV-1600, 2009 WL 1514427 (E.D.N.Y. May 29, 2009) (applying Pennsylvania law and granting summary judgment on learned intermediary doctrine and lack of causation); *Ortenzio v. Eli Lilly & Co.*, No. 07-CV-987, 2009 WL 1514628 (E.D.N.Y. June 1, 2009) (applying West Virginia law and granting summary judgment on lack of causation); *Neal v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 1852001 (E.D.N.Y. June 22, 2009) (applying California law and granting summary judgment on learned intermediary doctrine and lack of causation), *aff'd*, No. 09-4441-cv (2d Cir. Oct. 4, 2010); *Morrison v. Eli Lilly & Co.*, No. 08-CV-307, 2009 WL 1851062 (E.D.N.Y. June 22, 2009) (applying Missouri law and granting summary judgment on statute of limitations and learned intermediary doctrine); *Leggett v. Eli Lilly & Co.*, No. 06-CV-5115, 2009 WL 1850970 (E.D.N.Y. June 22, 2009) (applying California law and granting summary judgment on statute of limitations and learned intermediary doctrine); *Misouria v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 1851999 (E.D.N.Y. June 24, 2009) (applying California law and granting summary

judgment on learned intermediary doctrine), *aff'd*, No. 09-4454-cv (2d Cir. Oct. 4, 2010); *Dean v. Eli Lilly & Co.*, No. 07-CV-4505, 2009 WL 2004540 (E.D.N.Y. July 1, 2009) (applying Florida law and granting summary judgment on learned intermediary doctrine); *Washington v. Eli Lilly & Co.*, No. 06-CV-2592, 2009 WL 2163118 (E.D.N.Y. July 13, 2009) (applying Michigan law and granting summary judgment on learned intermediary doctrine and lack of causation), *aff'd*, No. 09-4434-cv (2d Cir. Oct. 4, 2010); *Smith v. Eli Lilly & Co.*, 653 F. Supp. 2d 181 (E.D.N.Y. 2009) (applying Arkansas law and granting summary judgment on learned intermediary doctrine); *Pruett v. Eli Lilly & Co.*, No. 07-CV-1931, 2009 WL 2245068 (E.D.N.Y. July 22, 2009) (applying Alabama law and denying summary judgment); *Carey v. Eli Lilly & Co.*, No. 06-CV-2798, 2009 WL 2487305 (E.D.N.Y. July 27, 2009) (applying Virginia law and granting summary judgment on learned intermediary doctrine); *Fuller v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 2485829 (E.D.N.Y. July 31, 2009) (applying California law and granting summary judgment on statute of limitations); *Head v. Eli Lilly & Co.*, 649 F.Supp.2d 18 (E.D.N.Y. 2009) (applying Arizona law and granting summary judgment on learned intermediary doctrine), *aff'd*, No. 09-4455-cv (2d Cir. Oct. 4, 2010); *Earl v. Eli Lilly & Co.*, 688 F.Supp.2d 130 (E.D.N.Y. 2009) (applying Alabama law and denying summary judgment); *Belcher v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 3597447 (E.D.N.Y. Oct. 16, 2009) (applying California law and granting summary judgment on statute of limitations), *aff'd*, No. 09-5004-cv (2d Cir. Oct. 4, 2010); *Quirarte v. Eli Lilly & Co.*, No. 07-CV-1161, 2009 WL 3597194 (E.D.N.Y. Oct. 16, 2009) (applying Illinois law and granting summary judgment on learned intermediary doctrine); *Folse v. Eli Lilly & Co.*, No. 04-CV-1612, 2009 WL 3596526 (E.D.N.Y. Oct. 16, 2009) (applying Louisiana law and granting summary judgment on learned

intermediary doctrine); *Blume v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 3596982 (E.D.N.Y. Oct. 20, 2009) (applying California law and granting summary judgment on learned intermediary doctrine); *Guillen v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 5062114 (E.D.N.Y. Dec. 10, 2009) (applying California law and granting summary judgment on statute of limitations, learned intermediary doctrine, and other grounds), *aff'd*, No. 10-233-cv (2d Cir. Oct. 4, 2010); *Gove v. Eli Lilly & Co.*, No. 06-CV-2592, 2009 WL 5062109 (E.D.N.Y. Dec. 10, 2009) (applying Arizona law and granting summary judgment on statute of limitations, learned intermediary doctrine, and lack of causation), *aff'd*, No. 10-216-cv (2d Cir. Oct. 4, 2010); *Treuchel v. Eli Lilly & Co.*, No. 08-CV-01176, 2009 WL 5216930 (E.D.N.Y. Dec. 21, 2009) (Applying Minnesota law and granting summary judgment on learned intermediary doctrine); *Gurovitsch v. Eli Lilly & Co.*, No. 08-CV-1408, 2009 WL 5125636 (E.D.N.Y. Dec. 29, 2009) (applying Minnesota law and denying summary judgment); *Brown v. Eli Lilly & Co.*, 08-CV-3249, 2010 WL 99391 (E.D.N.Y. Jan. 8, 2010) (applying Mississippi law and granting summary judgment on lack of causation); *Trimble v. Eli Lilly & Co.*, No. 06-CV-3457, 2010 WL 348276 (E.D.N.Y. Jan. 22, 2010) (applying Illinois law and granting summary judgment on learned intermediary doctrine); *Abitang v. Eli Lilly & Co.*, No. 06-CV-3456, 2010 WL 331793 (E.D.N.Y. Jan. 28, 2010) (applying Illinois law and granting summary judgment on statute of limitations); *Asbury v. Eli Lilly & Co.*, No. 06-CV-1593, 2010 WL 1292268 (E.D.N.Y. March 30, 2010) (applying Kansas law and granting summary judgment on statute of limitations); *Dixon v. Eli Lilly & Co.*, No. 09-CV-1012, 2010 WL 2039010 (E.D.N.Y. May 19, 2010) (applying New York law and granting summary judgment on statute of limitations); *Carpentier v. Eli Lilly & Co.*, 727 F.Supp.2d 101 (E.D.N.Y. 2010) (applying Oregon law and granting summary judgment on statute of

limitations); *Harvard v. Eli Lilly & Co.*, 2010 WL 3257712, No. 06-CV-5335 (E.D.N.Y. Aug. 16, 2010) (applying New Jersey law and denying summary judgment); *Gaskins v. Eli Lilly & Co.*, 2010 WL 4052913.No. 08-CV-5165 (E.D.N.Y. Oct. 14, 2010) (applying North Carolina law and granting summary judgment on learned intermediary doctrine); *Bartlett v. Eli Lilly & Co.*, No. 09-CV-1005 (E.D.N.Y. Oct. 22, 2010) (applying Washington law and granting summary judgment on causation); *Harris v. Eli Lilly & Co.*, No. 07-CV-2168, 2011 WL 182489 (E.D.N.Y. Jan. 20, 2011) (applying Mississippi law and granting summary judgment on learned intermediary doctrine).

## III. Facts

Plaintiff Shepherd, thirty-eight years of age, is a resident of Oklahoma. Def.'s Local Rule 56.1 Stmt. of Undisputed Material Facts 1 ("Def.'s Rule 56.1 Stmt."); Pl.'s Local Rule 56.1 Responses to Eli Lilly and Company's Statement of Undisputed Material Facts and Statement of Additional Undisputed Material Facts 1 ("Pl.'s Rule 56.1 Response"). He was diagnosed with depression in 1993 during a month-long stint serving in the United States Navy. Shepherd Dep. 20:24–21:12; 29:21–22. From his discharge from the Navy in 1993 until 2006, he was treated at Bill Willis Community Health Center ("Bill Willis") in Oklahoma. *Id.* at 31:14–20. In addition to depression, he has been diagnosed with bipolar disorder, schizophrenia, schizoaffective disorder, and obsessive compulsive disorder. Def.'s Rule 56.1 Stmt. 2; Pl.'s Rule 56.1 Response 2. Shepherd has been treated with numerous drugs for these ailments in addition to Zyprexa, including Lithium, Depakote, Haldol, Navane, Abilify, Seroquel, Risperdal, Prozac, Zoloft, and Ativan. Def.'s Rule 56.1 Stmt. 2; Pl.'s Rule 56.1 Response 2.

Zyprexa was first prescribed in 1997. Shepherd Aff. 1. Plaintiff took the drug, with only some interruptions, until he was diagnosed with diabetes in 2009. *See* Def.'s Rule 56.1 Stmt. 11; Pl.'s Rule 56.1 Response 10.

Beginning in 2003, Shepherd's physician, Dr. Steven Delia, began periodically monitoring his blood glucose level. *See* Def.'s Rule 56.1 Stmt. 3; Pl.'s Rule 56.1 Response 2. His blood glucose level was 113 in January 2003. Bill Willis Medical Records SHEPHERDC_BWCMH2_000138. A level above 106 may be considered high by some medical professionals. *See* McClure Dep. 77:20–22.

By 2004, it became widely known in the medical community that Zyprexa was associated with risks of weight gain and diabetes. The American Diabetes Association published a "consensus statement" in February 2004 from a panel of medical experts stating that "atypical" antipsychotic drugs such as Zyprexa were associated with "rapid increase in body weight." and "increased risk for diabetes." Am. Diabetes Ass'n, et al., *Consensus Development Conference on Antipsychotic Drugs and Obesity and Diabetes*, 27 Diabetes Care 596, 597, 598 (2004). The consensus statement stated that among such drugs, "Clozapine [Clozaril] and olanzapine [Zyprexa] are associated with the greatest weight gain and highest occurrence of diabetes and dyslipidemia." *Id.* at 600. On March 1, 2004, Lilly sent a "Dear Doctor" letter to physicians informing them of the metabolic risks of Zyprexa. *In re Zyprexa Prods. Liab. Litig.*, 688 F. Supp. 2d 130, 139 (E.D.N.Y. 2009).

In July 2005, Dr. Delia advised Shepherd of the risk that Zyprexa might cause diabetes. Def.'s Rule 56.1 Stmt. 3; Pl.'s Rule 56.1 Response 4. Plaintiff was taken off Zyprexa and prescribed Seroquel as a replacement. *See* Def.'s Rule 56.1 Stmt. 3; Pl.'s Rule 56.1 Response 4.

His Seroquel prescription did not treat his symptoms adequately, and within three weeks he was again prescribed Zyprexa. Def.'s Rule 56.1 Stmt. 4; *see* Pl.'s Rule 56.1 Response 4.

In March 2006, plaintiff discontinued his treatment at Bill Willis and began treatment at Laureate Psychiatric Facility ("Laureate"). Def.'s Rule 56.1 Stmt. 5; Pl.'s Rule 56.1 Response 6. He reported that during the past year his bipolar disorder had been "out of control" because of the "change in medication" and that he was stable "when on correct meds for treatment." Def.'s Rule 56.1 Stmt. 5; Pl.'s Rule 56.1 Response 6. Shepherd's physician at Laureate, Dr. Bradley McClure, determined that the drug's risks were outweighed by its benefits. Def.'s Rule 56.1 Stmt. 6; Pl.'s Rule 56.1 Response 7. He increased Shepherd's Zyprexa prescription to 20 milligrams daily and indicated that Shepherd showed no side effects from the drug. McClure Records 101 (Def. Ex. 13). Dr. McClure prescribed monitoring of plaintiff's blood glucose level, advised him of the risks of Zyprexa, and, because of the Zyprexa prescription, provided "a lot of advice" about nutrition and diet. McClure Dep. 27:1–7; Def.'s Rule 56.1 Stmt. 9; Pl.'s Rule 56.1 Response 9. At this time plaintiff was "slightly overweight" but not obese. McClure Dep. 37:12–13.

Shepherd presented an increased triglyceride level in April 2006. McClure Records 100. His weight fluctuated between 2006 and 2009. McClure Dep. 49:5–20; 54:1–3; 57:16–17, 57:16–58–25. In the spring of 2008, Dr. McClure considered replacing Zyprexa with Geodon, a similar antipsychotic medication with less risk of weight gain, but he continued the Zyprexa prescription because Shepherd was able to control his weight through diet and exercise. 58:2–8, 20–25.

8

In August 7, 2009, Shepherd was diagnosed with diabetes. Wagoner Cmty. Hosp. Med. Recs. at SHEPHERDC_WH_0020. Shortly thereafter his Zyprexa prescription was terminated because it was "possibly causing serious side effects"; he was prescribed Geodon as a replacement. McClure Medical Records 54.

## IV. Law

### A. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and if the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999). Summary judgment is warranted when after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); *see Anderson*, 477 U.S. at 247–50, 255; *Sledge v. Kooi*, 556 F.3d 137, 140 (2d Cir. 2009).

The burden rests on the moving party to demonstrate the absence of a genuine issue of material fact. *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If the moving party appears to meet this burden, the opposing party must produce evidence that raises a question of material fact to defeat the motion. *See* Fed. R. Civ. P. 56(e). This evidence may not consist of "mere conclusory allegations, speculation or conjecture." *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996); *see also Delaware & Hudson Ry. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) ("Conclusory allegations will not suffice to create a genuine issue.").

### B. Governing Law

A multidistrict litigation transferee court applies the choice of law and statute of limitations rules of the state in which the action was filed. *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). Because this action was originally commenced in Oklahoma, the principles on choice of law from that state apply.

### C. Learned Intermediary Doctrine

Essential to the court's analysis on this motion for summary judgment is the "learned intermediary" doctrine, which provides that (1) that manufacturers of prescription drugs and medical devices discharge their duty of care to patients by providing adequate warnings to prescribing physicians, and (2) that any failure to warn cannot be considered a proximate cause of a subsequent injury if the physician was fully aware of the dangers that would have been included in an alternative warning.

Oklahoma has adopted the learned intermediary doctrine. *Edwards v. Basel Pharms.*, 933 P.2d 298, 300 (Okla. 1997) (citing *McKee v. Moore*, 648 P.2d 21, 24 (Okla. 1982)). Any Oklahoma presumption against knowledge of the prescribing doctor of the risk has been fully rebutted. *See Cunningham v. Charles Pfizer & Co., Inc.*, 532 Pac. 2d 1377 (Okla. 1974). The knowledge of prescribing doctors of the risks of diabetes was fully known long before the statute of limitations began to run.

## V. Application of Law to Facts

Lilly fulfilled its duty to warn when it sent its "Dear Doctor" letter on March 1, 2004. March 1, 2004 is the latest possible date on which members of the medical community knew or should have known about Zyprexa's obesity- and diabetes-related risks. *See, e.g., Souther*, 489

F. Supp. 2d at 278. Lilly cannot be liable under a failure-to-warn theory for Shepherd's Zyprexa use after this date.

Plaintiff has provided no evidence from which a jury could reasonably conclude that Shepherd's injuries were residual effects of his use of Zyprexa before 2004. His injuries appear to have resulted from the post-2004 period, during which he and his physicians were well aware of the risks of the drug.

Summary judgment is therefore warranted on the basis of the learned intermediary doctrine.

## VI. Conclusion

For the reasons stated above, summary judgment against the plaintiff is granted. No costs or disbursements.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: June 23, 2011
Brooklyn, New York